Slip Op. 17-80

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FINE FURNITURE (SHANGHAI) LIMITED, ET AL.,** | |
| Plaintiffs, | |
| and | |
| **METROPOLITAN HARDWOOD FLOORS, INC., ET AL.,** | |
| Plaintiff-Intervenors, | **Before: Timothy C. Stanceu, Chief Judge** |
| v. | **Consol. Court No. 14-00135** |
| **UNITED STATES,** | |
| Defendant, | |
| and | |
| **COALITION FOR AMERICAN HARDWOOD PARITY,** | |
| Defendant-Intervenor. | |

## OPINION AND ORDER

[Clarifying the court's previous opinion and order]

Dated:  July 7, 2017

*Kristin H. Mowry*, Mowry & Grimson, PLLC, of Washington, D.C., for plaintiff Fine Furniture (Shanghai) Limited.  With her on the brief were *Jeffrey S. Grimson*, *Jill A. Cramer*, *Sarah M. Wyss*, and *Daniel R. Wilson*.

*Gregory S. Menegaz*, deKieffer & Horgan, PLLC, of Washington, D.C., for consolidated plaintiffs Dalian Huilong Wooden Products Co., Ltd., et al.  With him on the brief were *J. Kevin Horgan* and *John J. Kenkel*.

*Thomas J. Trendl*, Steptoe & Johnson LLP, of Washington, D.C., for consolidated plaintiff Shanghai Lizhong Wood Products Co., Ltd./The Lizhong Wood Industry Limited Company of Shanghai.

*Jeffrey S. Neeley*, Husch Blackwell LLP, of Washington, D.C., for consolidated plaintiffs Dalian Kemian Wood Industry Co., et al.  With him on the brief was *Michael S. Holton.*

*Lizbeth R. Levinson*, Kutak Rock LLP, of Washington, D.C., for consolidated plaintiff Hangzhou Zhengtian Industrial Co., Ltd. and plaintiff-intervenors Metropolitan Hardwood Floors, Inc., et al.  With her on the brief was *Ronald M. Wisla.*

*Mark R. Ludwikowski*, Sandler, Travis & Rosenberg, PA, of Washington, D.C., for plaintiff-intervenor Lumber Liquidators Services, LLC.

*Tara K. Hogan*, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.  With her on the brief were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Claudia Burke*, Assistant Director.  Of counsel was *Shelby M. Anderson*, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce.

*Jeffrey S. Levin*, Levin Trade Law, P.C., of Bethesda, MD, for defendant-intervenor Coalition for American Hardwood Parity.

Stanceu, Chief Judge:  Defendant United States moves for clarification of an aspect of the

court's previous opinion and order, *Fine Furniture (Shanghai) Ltd. v. United States*, 40 CIT __,

182 F. Supp. 3d 1350 (2016) (*"Fine Furniture"*).  Def.'s Partial Consent Mot. for Clarification

or, in the Alternative, Mot. for Voluntary Remand 1 (Nov. 18, 2016), ECF No. 327 ("Mot. for

Clarification").[1]  Conditioned on the outcome of its motion for clarification, defendant also seeks

a voluntary remand to allow the International Trade Administration, U.S. Department of

Commerce ("Commerce" or the "Department") to reconsider an additional argument made by

---

[1] According to defendant, "[c]ounsel for the Coalition for American Hardwood Parity (Jeff Levin), Lumber Liquidators (Mark Ludwikowski), and the Lizhong plaintiffs (Thomas Trendl) took no position on the motion," and "counsel for Fine Furniture (Sarah Wyss), the Dalian Huilong plaintiffs (Mark Ludwikowski), the Dalian Kemian plaintiffs (Jeffrey Neeley), and the Hangzhou/Metropolitan plaintiffs (Lizbeth Levinson) consented to the motion."  Def.'s Partial Consent Mot. for Clarification or, in the Alternative, Mot. for Voluntary Remand 1-2 (Nov. 18, 2016), ECF No. 327.  No party served a response within the fourteen-day time period imposed by USCIT Rule 7(d).

one of the plaintiffs in the case.  *Id.*  Finally, defendant requests an extension of time, until forty-five days from the court's decision on its motion, for Commerce to file the remand redetermination required by *Fine Furniture.  Id.* at 4.

In this Opinion and Order, the court identifies certain aspects of *Fine Furniture* that in the court's view resolve the issue upon which defendant seeks clarification.  The court concludes, further, that the voluntary remand defendant seeks in the alternative is unnecessary.  As requested by defendant, the court extends the period in which Commerce shall submit the required remand redetermination, allowing forty-five days from the date of this Opinion and Order.

## I. BACKGROUND

### A.  The Contested Determination

In this consolidated action,[2] plaintiff Fine Furniture (Shanghai) Limited ("Fine Furniture") and several other Chinese producers or exporters of multilayered wood flooring contested a final determination Commerce issued to conclude the first periodic administrative review of an antidumping duty order on multilayered wood flooring ("subject merchandise") from the People's Republic of China ("China" or the "PRC").  The contested decision (the "Amended Final Results") was published as *Multilayered Wood Flooring from the People's Republic of China: Amended Final Results of the Antidumping Duty Administrative Review; 2011-2012*, 79 Fed. Reg. 35,314 (Int'l Trade Admin. June 20, 2014) ("*Amended Final Results*").

---

[2] Consolidated under Consol. Court No. 14-00135 are: *Metropolitan Hardwood Floors, Inc. et al. v. United States*, Court No.14-00137; *Dalian Kemian Wood Industry Co., Ltd. et al. v. United States*, Court No. 14-00138; *Dalian Huilong Wooden Products Co., Ltd., et al. v. United States*, Court No. 14-00139; and *Shanghai Lizhong Wood Products Co., Ltd./The Lizhong Wood Industry Limited Co. of Shanghai v. United States*, Court No. 14-00172.

B.  The Court's Previous Opinion and Order

In the Amended Final Results, Commerce assigned Fine Furniture, a mandatory respondent in the first administrative review, a weighted average dumping margin of 5.92%. *Fine Furniture*, 40 CIT __, 182 F. Supp. 3d at 1355.  Because Fine Furniture was the only respondent with an individually-determined margin that was not *de minimis*, Commerce assigned this 5.92% margin to the "separate rate" respondents, i.e., respondents that qualified for a margin separate from the 58.84% rate Commerce assigned to the PRC-wide entity but that did not receive an individually-determined margin.  *Id.*, 40 CIT at __, 182 F. Supp. 3d at 1354-55.  Some of these separate rate respondents are plaintiffs or plaintiff-intervenors in this case.  *Id.*, 40 CIT at __, 182 F. Supp. 3d at 1355, 1355 n.4.

Finding merit in certain of plaintiffs' claims, the court directed Commerce to reconsider the following aspects of the Amended Final Results: (1) the Department's method of determining deductions from U.S. price for Fine Furniture's value-added taxes, *id.*, 40 CIT at __, 182 F. Supp. 3d at 1359, (2) with respect to the determination of the normal value of Fine Furniture's merchandise, the Department's choice of financial statements of companies in its chosen surrogate country (the Philippines) for use in calculating surrogate values ("financial ratios") for Fine Furniture's factory overhead expenses, selling, general administrative ("SG&A") and interest expenses, and for Fine Furniture's profit, *id.*, 40 CIT at __, 182 F. Supp. 3d at 1359-61, and (3) its determination of a surrogate value for Fine Furniture's electricity usage, *id.*, 40 CIT at __, 182 F. Supp. 3d at 1369-71.  Defendant's motion for clarification involves only the second issue, i.e., the choice of financial statements from among the Philippine companies.

As the court explained in *Fine Furniture*, the record contains financial statements of four

Philippine plywood manufacturers: Tagum PPMC Wood Veneer, Inc. ("Tagum"), Richmond

Plywood Corporation ("RPC"), Philippine Softwoods Products, Inc. ("PSP"), and Mount

Banahaw Industries, Inc. ("Mount Banahaw"), that Commerce considered to satisfy its criteria

for use in calculating financial ratios because they "were specific to the product in question,

contemporaneous with the period of review, complete, accurate, and otherwise reliable." *Id.*,

40 CIT at __, 182 F. Supp. 3d at 1359.  From these four companies, Commerce chose two,

Tagum and RPC, concluding that only these two were integrated at the same level as Fine

Furniture.  *Id.*; *Issues and Decision Mem. for the Final Results of the 2011-2012 Antidumping*

*Duty Admin. Rev. of Multilayered Wood Flooring from the People's Republic of China*,

A-570-970, ARP 11-12 at 26 (Int'l Trade Admin. May 9, 2014), *available at*

http://enforcement.trade.gov/frn/summary/prc/2014-10698-1.pdf (last visited July 7, 2017); *see*

*also Multilayered Wood Flooring From the People's Republic of China: Final Results of*

*Antidumping Duty Administrative Review; 2011-2012*, 79 Fed. Reg. 26,712 (Int'l Trade Admin.

May 9, 2014).  From the Tagum and RPC financial statements, Commerce calculated separate

factory overhead expenses, SG&A and interest expenses, and profit ratios for each of the two

companies and then averaged those ratios to derive a single set of surrogate financial ratios for

the calculation of the normal value of Fine Furniture's subject merchandise.  *Fine Furniture*,

40 CIT at __, 182 F. Supp. 3d at 1360.

Fine Furniture argued that record evidence showed that RPC, unlike Fine Furniture, is not

an integrated producer of the subject merchandise, i.e., multilayered wood flooring, and it also

challenged the Department's finding that the RPC financial statement was accurate and

complete.  *See Fine Furniture*, 40 CIT at __, 182 F. Supp. 3d at 1360.  Further, Fine Furniture

incorporated the argument of another party (Zhejiang Layo Wood Industry Co., Ltd.) that

Commerce wrongly found Mount Banahaw *not* to be an integrated producer, an argument

Commerce did not consider in reaching its decision to use only the Tagum and RPC statements.

*Id.*  Fine Furniture also maintained that Commerce had erred in rejecting not only the use of the

financial statements of Mount Banahaw but also those of three other Philippine companies,

Winlex Marketing Corporation, Industrial Plywood Group Corporation, and Mega Plywood

Corporation.  *Id.*

       The court concluded in *Fine Furniture* that "Commerce was obligated to consider Fine

Furniture's argument that Mount Banahaw is an integrated producer."  *Id.*, 40 CIT at __,

182 F. Supp. 3d at 1361 (citing *SKF USA Inc. v. United States*, 630 F.3d 1365, 1374

(Fed. Cir. 2011).  For this reason, the court held that "Commerce must reconsider the matter and

decide, based on findings supported by substantial record evidence, which financial statement or

statements are most appropriate for calculating Fine Furniture's financial ratios."  *Id.*  The court

did not address the other grounds Fine Furniture presented as to why it considered the

Department's decision to use only the statements of RPC and Tagum to be unlawful because the

Department's redetermination pursuant to remand had the potential to moot some of those

grounds.  *Id.*

## II.  DISCUSSION

### A.  Defendant's Motion for Clarification

       Defendant requests clarification of whether the court "intended to limit the scope of

Commerce's consideration to the question of Mount Banahaw's status as an integrated producer,

or whether the Court intended for Commerce to reconsider its selection of surrogate financial

statements for Fine Furniture as a whole."  Mot. for Clarification 3.  Defendant further states that

"[s]hould the court have intended to limit the remand to the issue of Mount Banahaw's status as

an integrated producer, we respectfully request that the Court grant Commerce a voluntary

remand to reconsider, in the context of the ongoing remand proceeding, an additional argument

raised by Fine Furniture in this litigation." *Id.* "In particular, Commerce requests a voluntary

remand to reconsider its prior finding regarding the accuracy and completeness of RPC's

financial statement." *Id.*

The court ordered Commerce to reconsider "the decision to base Fine Furniture's

financial ratios on the statements of RPC and Tagum." *Fine Furniture*, 40 CIT at __,

182 F. Supp. 3d at 1361. The court did not limit its order to a reconsideration of the specific

finding by Commerce that Mount Banahaw was not an integrated producer. *See id.* ("Commerce

must reconsider the matter and decide, based on findings supported by substantial record

evidence, which financial statement or statements are most appropriate for calculating Fine

Furniture's financial ratios."). This is demonstrated not only by the breadth of the court's

directive to reconsider the decision to use the RPC and Tagum statements in calculating Fine

Furniture's financial ratios but also by the absence of any language in the *Fine Furniture*

Opinion and Order sustaining or rejecting any of the subordinate findings by which Commerce

reached that ultimate decision.

### B.  Defendant's Motion, in the Alternative, for a Voluntary Remand

Because the Opinion and Order in *Fine Furniture* broadly directed Commerce to

reconsider the decision to base Fine Furniture's financial ratios on the RPC and Tagum financial

statements, it is not necessary for the court to grant defendant's request for a voluntary remand

under which Commerce specifically would be granted authority to reconsider Fine Furniture's

argument concerning the accuracy and completeness of the RPC statement. As noted above, the

court neither sustained nor rejected this or any other finding subordinate to the Department's

decision to use the RPC and Tagum statements.

### III.  CONCLUSION AND ORDER

Upon consideration of defendant's motion for clarification, and all other papers and

proceedings had herein, it is hereby

**ORDERED** that Commerce shall issue, within forty-five (45) days of the date of this
Opinion and Order, a new determination upon remand ("Remand Redetermination") that
conforms to the court's Opinion and Order in *Fine Furniture*, issued September 9, 2016, as
clarified herein, and redetermines as necessary the dumping margins of Fine Furniture and the
plaintiffs who are separate rate respondents; it is further

**ORDERED** that plaintiffs, plaintiff-intervenors, and defendant-intervenor may file
comments on the Remand Redetermination within thirty (30) days from the date on which the
Remand Redetermination is filed with the court; and it is further

**ORDERED** that defendant may file a response to the comment submissions within
fifteen (15) days from the date on which the last of any such comments is filed with the court.

/s/ Timothy C. Stanceu<br>
Timothy C. Stanceu<br>
Chief Judge

Dated: July 7, 2017
New York, New York