Slip Op. 21-69

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FINE FURNITURE (SHANGHAI) LIMITED, et al., | |
| Plaintiffs, | |
| and | |
| LUMBER LIQUIDATORS SERVICES, LLC, et al., | |
| Plaintiff-Intervenors, | **Before: Timothy C. Stanceu, Judge** |
| v. | **Consolidated Court No. 14-00135** |
| UNITED STATES, | |
| Defendant, | |
| and | |
| COALITION FOR AMERICAN HARDWOOD PARITY, | |
| Defendant-Intervenor. | |

### OPINION AND ORDER

[Ordering agency determination of an antidumping duty rate for certain respondents and denying defendant's motion to dismiss two parties from this consolidated case.]

Dated: June 2, 2021

*Sarah M. Wyss*, Mowry & Grimson, PLLC, of Washington, D.C., for plaintiff Fine Furniture (Shanghai) Limited.  With her on the brief was *Kristin H. Mowry*.

*Gregory S. Menegaz*, deKieffer & Horgan, PLLC, of Washington, D.C., for plaintiffs Dunhua City Jisen Wood Industry Co., Ltd., et al.

*Thomas J. Trendl*, Steptoe & Johnson LLP, of Washington, D.C., for plaintiff Shanghai Lizhong Wood Products Co., Ltd./The Lizhong Wood Industry Limited Company of Shanghai.

*Jeffrey S. Neeley*, Husch Blackwell LLP, of Washington, D.C., for plaintiffs Dalian Kemian Wood Industry Co., Ltd., et al.

*Ronald M. Wisla*, Fox Rothschild LLP, of Washington, D.C., for plaintiffs Baishan Huafeng Wood Product Co., Ltd., et al.  With him on the brief was *Lizbeth R. Levinson*.

*Mark R. Ludwikowski*, Clark Hill PLC, of Washington, D.C., for plaintiff-intervenor Lumber Liquidators Services, LLC.

*Tara K. Hogan*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for defendant.  With her on the brief were *Bryan M. Boynton*, Acting Assistant Attorney General, and *Jeanne E. Davidson*, Director.

*Timothy C. Brightbill*, Wiley Rein LLP, of Washington, D.C., for defendant-intervenor Coalition for American Hardwood Parity.  With him on the brief were *Stephanie M. Bell* and *Tessa V. Capoleto*.

Stanceu, Judge: Plaintiff Fine Furniture (Shanghai) Limited ("Fine Furniture") and a number of other Chinese producers or exporters of multilayered wood flooring brought actions, now consolidated, contesting a final, published determination by the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department").  Commerce issued that determination to conclude the first periodic administrative review of an antidumping duty order on imports of certain multilayered wood flooring from the People's Republic of China (the "PRC" or "China").

Pursuant to a joint motion of plaintiffs, plaintiff-intervenors, defendant, and defendant-intervenor, the court orders Commerce to conduct certain administrative

proceedings, as discussed herein, necessitated by developments since the issuance of

the court's most recent opinion in this litigation.  The court denies defendant's motion

to dismiss two plaintiffs, Fine Furniture and Dunhua City Jisen Wood Industry Co., Ltd.

("Dunhua Jisen") from this case.

## I. BACKGROUND

The background of this action is set forth in the court's prior opinions, which the

court summarizes and supplements herein.  *See Fine Furniture (Shanghai) Ltd. v. United

States*, 40 CIT __, 182 F. Supp. 3d 1350 (2016) ("*Fine Furniture I*"); *Fine Furniture

(Shanghai) Ltd. v. United States*, 41 CIT __, 2017 WL 2928783 (July 7, 2017) ("*Fine

Furniture II*"); *Fine Furniture (Shanghai) Ltd. v. United States*, 42 CIT __, 321 F. Supp. 3d

1282 (2018) ("*Fine Furniture III*").

### A. The Contested Determination

Commerce published the contested determination (the "Amended Final

Results") as *Multilayered Wood Flooring from the People's Republic of China: Amended Final

Results of the Antidumping Duty Administrative Review; 2011–2012*, 79 Fed. Reg. 35,314

(Int'l Trade Admin. June 20, 2014) ("*Amended Final Results*").

### B. The Order and the First Administrative Review

Commerce issued an antidumping duty order on certain multilayered wood

flooring from the PRC (the "Order") in late 2011.  *Multilayered Wood Flooring From the

People's Republic of China: Amended Final Determination of Sales at Less Than Fair Value and*

*Antidumping Duty Order*, 76 Fed. Reg. 76,690 (Int'l Trade Admin. Dec. 8, 2011) ("*Order*").

In the antidumping duty investigation resulting in the Order, Commerce identified

three respondents (the "mandatory" respondents) for individual investigation.  These

were Zhejiang Yuhua Timber Co., Ltd. ("Yuhua"), Zhejiang Layo Wood Industry Co.,

Ltd. ("Layo Wood"), and the Samling Group ("Samling").  *Multilayered Wood Flooring*

*From the People's Republic of China: Final Determination of Sales at Less Than Fair Value*,

76 Fed. Reg. 64,318, 64,318 (Int'l Trade Admin. Oct. 18, 2011) ("*Final Determination*").

Commerce assigned estimated dumping margins of zero to Yuhua, 3.97% to Layo

Wood, and 2.63% to Samling.  *Order*, 76 Fed. Reg. at 76,692.  Commerce assigned the

uninvestigated "separate rate" respondents, a group that included Fine Furniture and

Dunhua Jisen, an estimated rate of 3.30%—the average of the margins assigned to Layo

Wood and Samling.  *Id.* at 76,691–92.  The "separate rate" respondents were Chinese

producers or exporters of the subject merchandise that Commerce found to have

established independence from the PRC government but did not select for individual

investigation.  *Final Determination*, 76 Fed. Reg. at 64,322.

In January 2013, Commerce initiated the first periodic administrative review of

the Order, covering the period of May 26, 2011 through November 30, 2012 (the "period

of review" or "POR").  *Initiation of Antidumping and Countervailing Duty Administrative*

*Reviews and Request for Revocation in Part*, 78 Fed. Reg. 6,291 (Int'l Trade Admin. Jan. 30,

2013).  Fine Furniture, a Chinese producer and exporter of multilayered wood flooring,

was one of three "mandatory" respondents Commerce selected in the first

administrative review for individual examination.  *See Amended Final Results*, 79 Fed.

Reg. at 35,315.  The other two mandatory respondents in the first review were

Armstrong Wood Products (Kunshan) Co., Ltd. ("Armstrong") and Nanjing Minglin

Wooden Industry Co., Ltd. ("Minglin"), who are not parties to this case.  *See id*. at

35,317.

In the Amended Final Results, Commerce assigned Fine Furniture an individual

weighted average dumping margin of 5.92% and assigned individual *de minimis*

margins to Armstrong and Minglin.  *Id*. at 35,316.  Noting that Fine Furniture was the

only respondent assigned an individual weighted average dumping margin that was

not *de minimis*, Commerce assigned a rate of 5.92% to 69 unexamined separate rate

respondents.  *Id*. at 35,315.  These respondents were Chinese producers or exporters of

the subject merchandise that Commerce found to have established independence from

the PRC government but did not select for individual examination in the first review.

*See id*. at 35,317.

## C. The Parties to this Consolidated Case

Fine Furniture and the "Separate Rate Plaintiffs," who are 42 of the 69 Chinese

producers or exporters of multilayered wood flooring that were unexamined separate

rate respondents in the first review, are the plaintiffs and plaintiff-intervenors in this

action.  Dunhua Jisen is among the Separate Rate Plaintiffs.  The Coalition for American

Hardwood Parity (the "Coalition"), the petitioner in the antidumping duty investiga-

tion, is the defendant-intervenor.

### D. Proceedings before the Court

In *Fine Furniture I*, the court held unlawful the calculation of a deduction

Commerce made for Chinese irrecoverable value-added tax ("VAT") when determining

a constructed export price for Fine Furniture's subject merchandise. *Fine Furniture I*,

40 CIT at __, 182 F. Supp. 3d at 1371. Also, the court disallowed two decisions

Commerce made in determining the normal value of Fine Furniture's subject

merchandise, which were the Department's choice of financial statements for use in

calculating surrogate financial ratios and its calculation of a surrogate value for Fine

Furniture's use of electricity. *Id*.

After defendant requested clarification pertaining to the order the court issued in

*Fine Furniture I*, the court issued an opinion stating that Commerce must reconsider its

decision on the financial statements that were most appropriate for use in calculating

Fine Furniture's financial ratios. *Fine Furniture II*, 41 CIT at __, 2017 WL 2928783 at *3.

Commerce filed the first remand redetermination on August 28, 2017, which

included a redetermined weighted average dumping margin of 0.73% for Fine

Furniture. *Fine Furniture III*, 42 CIT at __, 321 F. Supp. 3d at 1286. Based on this margin,

Commerce assigned a rate of 0.73% to the separate rate respondents involved in the

litigation, i.e., the Separate Rate Plaintiffs. *Id*. The court sustained the Department's

recalculation of the deduction for VAT and its decisions on the choice of financial

statements for use in determining Fine Furniture's surrogate financial ratios. 42 CIT at

__, 321 F. Supp. 3d at 1287–92. The court ordered Commerce to reconsider on remand

its selection of the surrogate value for Fine Furniture's electricity usage, reasoning that

the record did not contain substantial evidence to support a finding that the rates

Commerce selected were the best available information on the record for this purpose.

42 CIT at __, 321 F. Supp. 3d at 1293–97. As a result, the court did not sustain the

weighted average dumping margin of 0.73% Commerce determined for Fine Furniture

and the equivalent rate Commerce assigned to the Separate Rate Plaintiffs.

Following issuance of the court's opinion and order in *Fine Furniture III*,

Commerce requested an extension of time to file its second remand redetermination.

Def.'s Consent Mot. for an Extension of Time to File Remand Redeterm. (Aug. 2, 2018),

ECF No. 353. Subsequently, Fine Furniture filed a consent motion for an order staying

this case pending the final disposition of an appeal of the judgment of this Court in

*Changzhou Hawd Flooring Co., Ltd. v. United States*, 42 CIT __, 324 F. Supp. 3d 1317 (2018).

Pl. Fine Furniture (Shanghai) Limited's Consent Mot. to Stay (Mar. 11, 2019), ECF No.

361. The court granted this motion and stayed the action according to the terms of the

consent motion. Order (Mar. 19, 2019), ECF No. 362.

The *Changzhou Hawd* litigation related to the antidumping duty investigation

culminating in the issuance of the Order. Plaintiffs in that litigation, including Fine

Furniture and Dunhua Jisen, who had requested status as voluntary respondents in the

investigation from Commerce but were denied, claimed they should have been

excluded from the Order as were the mandatory respondents that received a *de minimis*

estimated weighted average dumping margin.[1]   *Changzhou Hawd Flooring Co., Ltd.,*

---

[1] As mentioned, Commerce assigned Zhejiang Layo Wood Industry Co., Ltd.
("Layo Wood") and the Samling Group ("Samling"), two of the three mandatory
respondents in the investigation, estimated dumping duty margins of 3.97% and 2.63%,
respectively, as a result of the investigation.  *Multilayered Wood Flooring From the People's
Republic of China: Amended Final Determination of Sales at Less Than Fair Value and
Antidumping Duty Order*, 76 Fed. Reg. 76,690, 76,691–92 (Int'l Trade Admin. Dec. 8, 2011)
("*Order*").  Layo Wood and Samling appealed the Order to this Court, which directed
Commerce to reconsider or explain further its use of certain surrogate values in
calculating these estimated margins.  *Baroque Timber Indus. (Zhongshan) Co. v. United
States*, 37 CIT 1123, 1144, 925 F. Supp. 2d 1332, 1351 (2013).  Ultimately, Commerce
assigned both respondents estimated margins of zero, which this Court affirmed.
*Baroque Timber Indus. (Zhongshan) Co. v. United States*, 38 CIT __, __ n.15, 971 F. Supp. 2d
1333, 1338 n.15 (2014).  As a result, all three mandatory respondents in the investigation
were excluded from the Order.  *See Changzhou Hawd Flooring Co., Ltd. v. United States*,
42 CIT __, 324 F. Supp. 3d 1317, 1324–25 (2018).  On April 7, 2014, this Court severed
*Changzhou Hawd Flooring Co., Ltd.*, Court No. 12-00020, from *Baroque Timber Indus.*,
Consol. Court No. 12-00007, following the affirmance of the *de minimis* margins
assigned to the two mandatory respondents.

This Court noted in *Changzhou Hawd Flooring Co., Ltd.* that under the
Department's prior practice, a determination of *de minimis* margins for all individually-
investigated respondents would have terminated the Order.  *See id.* at 1325.  This Court
ruled that the current practice of including a rate for a "PRC-wide entity" in its
determinations enabled Commerce to keep the Order in place in the circumstance
presented.  *Id.*  One plaintiff in the case argued that Commerce should have terminated
the Order *ab initio*, an argument this Court rejected on the reasoning that the plaintiff
"fail[ed] to challenge either the PRC-wide entity policy or the PRC-wide rate."  *Id.*  As a
result, this Court sustained the agency's decision to deny the plaintiff's request that
Commerce terminate the Order.  *Id.*

42 CIT at __, 324 F. Supp. 3d at 1327.  This Court agreed and entered judgment granting

the requested relief.  *Id.* at 1328.  The Court of Appeals for the Federal Circuit ("Court of

Appeals") affirmed the judgment.  *Changzhou Hawd Flooring Co., Ltd. v. United States*,

947 F.3d 781 (Fed. Cir. 2020).

     After the resolution of the *Changzhou Hawd* litigation, Fine Furniture filed an

unopposed motion in this action to dissolve the amended preliminary injunction

against liquidation of its entries that had been imposed by the court in July 2014.

Unopposed Mot. to Dissolve Inj. of Liquidation (July 10, 2020), ECF No. 368.  The court

granted the motion, lifted the injunction, and ordered liquidation of Fine Furniture's

entries of the subject merchandise that was entered or withdrawn from warehouse for

consumption during the period of May 26, 2011 through November 30, 2012, excluding

the period of November 22, 2011 through December 6, 2011.  Order (Sept. 2, 2020), ECF

No. 369.

     Because the *Changzhou Hawd* litigation resulted in the exclusion from the Order

of only those of the separate rate respondents that had requested voluntary respondent

status during the investigation culminating in the Order, including Fine Furniture and

Dunhua Jisen, the separate rate respondents that did not do so remained subject to the

Order.

     On February 2, 2021, plaintiffs, plaintiff-intervenors, defendant, and defendant-

intervenor submitted a "Joint Status Report" in this action, in which the parties move

for a lifting of the stay.  Joint Status Report and Proposed Order (Feb. 2, 2021), ECF No.

372 ("Joint Status Report").[2]  In the Joint Status Report, the parties also move for the

entry of a court order directing Commerce to recalculate an antidumping duty rate

applicable to the separate rate respondents.  *Id.* at 3.

        Defendant moves in the Joint Status Report for the dismissal of plaintiffs Fine

Furniture and Dunhua Jisen as parties to this litigation, arguing that the claims of these

two parties are moot now that the Court of Appeals has affirmed a decision of this

Court sustaining their exclusion from the Order.  *See Changzhou Hawd Flooring Co.*, 947

F.3d at 793–94.  Fine Furniture and Dunhua Jisen oppose the motion to dismiss them as

parties.  Joint Status Report 3; Resp. Correcting Position in Joint Status Report 1–2

(Feb. 12, 2021), ECF No. 373 ("Dunhua Jisen's Response").

---

        [2] The Joint Status Report was signed by counsels for Intervenor Plaintiffs Baishan
Huafeng Wood Product Co., Ltd., *et al.*; Intervenor Plaintiff Lumber Liquidators
Services, LLC; Consolidated Plaintiffs Dunhua City Jisen Wood Industry Co., Ltd.
("Dunhua Jisen"), *et al.*; Plaintiff Fine Furniture (Shanghai) Ltd.; Consolidated Plaintiff
Dalian Kemian Wood Industry Co., Ltd., *et al.*; Defendant the U.S. Department of
Commerce; Intervenor Defendant American Hardwood Parity.  Joint Status Report and
Proposed Order (Feb. 2, 2021), ECF No. 372.  The parties note that "Counsel for
Consolidated Plaintiff Shanghai Lizhong Wood Products Co., Ltd./The Lizhong Wood
Industry Limited Company of Shanghai did not respond to requests for views or
consent.  Shanghai Lizhong Wood Products is a separate rate respondent who has not
participated in this litigation since 2015."  *Id.* at 1.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

The court exercises jurisdiction according to 28 U.S.C. § 1581(c), under which the court reviews actions commenced under section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a, including an action contesting the final results of an administrative review that the Department issues under section 751 of the Tariff Act, 19 U.S.C. § 1675(a).

### B. Expiration of the Stay; Rate to Be Applied to the Separate Rate Respondents

The previously-ordered stay is no longer in effect now that the decision of the Court of Appeals in *Changzhou Hawd Flooring Co., Ltd.* has become final.  *See* Order (Mar. 19, 2019), ECF No. 362; *see also* CAFC Mandate in Appeal #18-2335 (Mar. 2, 2020), ECF No. 115.

In the Joint Status Report, defendant requested on behalf of Commerce, with the agreement of the parties, that the court issue a "remand to recalculate the separate rate to be assigned to separate rate respondents."  Joint Status Report 4.  Based on the information provided to the court in the Joint Status Report, the court concludes that it is appropriate for it to issue an order under which Commerce, in a Second Remand Redetermination, will determine an antidumping duty rate to be applied to these respondents.  Fine Furniture, whose individual weighted average dumping margin of 0.73% Commerce most recently chose as the basis for its separate rate, is no longer

subject to the Order following the final decision of the Court of Appeals in the

*Changzhou Hawd* litigation.  Because it has been excluded from the Order, Fine Furniture

is no longer an exporter or producer involved in the first periodic administrative review

of that Order, the outcome of which remains a matter to be determined by the court.

Accordingly, the Department's determination of a 0.73% rate for the Separate Rate

Plaintiffs, which the court did not sustain previously, is no longer under consideration

by the court, nor is the issue of a surrogate value for Fine Furniture's use of electricity.

The court will review the Department's new determination of a separate rate upon the

submission of the Department's Second Remand Redetermination.  Defendant submits

that a period of 40 days for submission of this decision will be sufficient.  Joint Status

Report 3.

### C. Fine Furniture and Dunhua Jisen May Remain as Parties

Defendant moves the court to dismiss Fine Furniture and Dunhua Jisen as

parties, arguing that their exclusion from the Order as a result of the *Changzhou Hawd*

litigation renders moot their claims in this action.  *Id*.  Defendant informs the court that

Commerce has issued liquidation instructions to U.S. Customs and Border Protection

("CBP") for the entries of Fine Furniture and Dunhua Jisen that were subject to the first

review.  *Id.*

Fine Furniture and Dunhua Jisen request that they remain parties to this case.

*Id.*; Dunhua Jisen's Response 1–2.  They assert that neither party has received "the full

relief granted by the *Changzhou Hawd* decision because the entries covered by this
appeal have not all yet liquidated and CBP has not yet issued refunds for all the excess
deposits made."  Joint Status Report 3; Dunhua Jisen's Response 1–2.  Both parties state
they will seek voluntary dismissal "promptly once all entries covered by this appeal
have liquidated without regard to antidumping duties with excess duties refunded."
Joint Status Report 3; Dunhua Jisen's Response 1–2.

    This Court may "[o]n motion or on its own . . . drop a party."  USCIT R. 21.  This
equitable power is "construed liberally in order to promote complete resolution of
disputes, thereby preventing multiple lawsuits."  *Sunpower Corp. v. United States*, 39 CIT
__, __, 128 F. Supp. 3d 1333, 1340 (2015).

    The court denies defendant's motion to dismiss Fine Furniture and Dunhua Jisen
as parties in this consolidated action.  In order to "promote complete resolution of
disputes," USCIT R. 21, the court rules that the two plaintiffs may remain as parties to
the case until the court has received notice that each has obtained its full relief, i.e., that
all of their respective entries covered by this appeal have been liquidated and all excess
duties refunded.  These parties will be directed to notify the court when the processes of
liquidation and refund have been completed satisfactorily.  The court sees no prejudice
to defendant or defendant-intervenor that will arise from allowing plaintiffs to remain
in this action until that condition has been met, and defendant has not identified any
such prejudice.

### III. CONCLUSION AND ORDER

For the reasons discussed above, the court is granting the parties' motion for an order remanding this case to Commerce for the determination of an antidumping duty rate to be applied to the separate rate respondents.

Pursuant to USCIT Rule 21, the court denies defendant's motion to dismiss Fine Furniture and Dunhua Jisen as parties to this action. Therefore, upon review of all papers and proceedings had herein, and upon due deliberation, it is hereby

**ORDERED** that the parties' joint motion for an order of remand is granted with respect to the determination of an antidumping duty rate to be applied to the separate rate respondents; it is further

**ORDERED** that defendant's motion to dismiss plaintiffs Fine Furniture and Dunhua Jisen pursuant to USCIT Rule 21 be, and hereby is, denied; it is further

**ORDERED** that Fine Furniture and Dunhua Jisen each shall file a submission notifying the court upon receiving full relief as a result of the liquidation of their respective entries that are subject to this litigation and the refunding of all excess duties that are owed; it is further

**ORDERED** that the court's previous order directing Commerce to file a Second Remand Redetermination, as set forth in *Fine Furniture III*, 42 CIT __, 321 F. Supp. 3d 1282 (2018) is hereby amended to read as follows:

It is hereby

**ORDERED** that Commerce, within forty (40) days of the date of this Opinion and Order, shall issue a new determination upon remand (the "Second Remand Redetermination") that determines an antidumping duty rate to be applied to the separate rate respondents; it is further

**ORDERED** that any comments of plaintiffs, plaintiff-intervenors, and defendant-intervenor on the Second Remand Redetermination must be filed with the court no later

than thirty (30) days after the filing of the Second Remand Redetermination; and it is further

     **ORDERED** that any response of defendant to the aforementioned comments must be filed no later than fifteen (15) days from the date on which the last comment is filed.


                                   /s/ Timothy C. Stanceu
                                   Timothy C. Stanceu
                                   Judge

Dated: June 2, 2021
New York, New York