**Slip Op. 22-9**

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **FINE FURNITURE (SHANGHAI) LIMITED, ET AL.,** | |
| Plaintiffs, | |
| and | |
| **METROPOLITAN HARDWOOD FLOORS, INC., ET AL.,** | |
| Plaintiff-Intervenors, | **Before: Timothy C. Stanceu, Judge** |
| v. | **Consol. Court No. 14-00135** |
| **UNITED STATES,** | |
| Defendant, | |
| and | |
| **COALITION FOR AMERICAN HARDWOOD PARITY,** | |
| Defendant-Intervenor. | |

### JUDGMENT

Before the court in this consolidated action are the Final Results of

Redetermination Pursuant to Court Order (July 12, 2021), ECF Nos. 376, 376-1

("Remand Redetermination"), the comments of certain parties thereon, Consolidated

Pls.' Comments on Final Remand Results (Aug. 11, 2021), ECF No. 379, and defendant's

reply to the comments, Def.'s Reply to Comments on Remand Redetermination

(Aug. 24, 2021), ECF No. 381 ("Def.'s Reply").

Also before the court is the response of plaintiff Fine Furniture (Shanghai)

Limited ("Fine Furniture") to the court's Opinion and Order (June 2, 2021), ECF

No. 374, concerning the status of relief to that party, in which Fine Furniture informs the

court that it has received full relief as a result of liquidation of entries and the refund of

excess duties.  Notice of Full Relief Pursuant to Court Order (July 30, 2021), ECF

No. 378.  Plaintiff Dunhua City Jisen Wood Industry Co., Ltd. ("Dunhua Jisen") also has

informed the court, in response to the court's Opinion and Order, that it "considers that

it has received full relief with respect to its shipments subject to this litigation."  Notice

of Full Relief Pursuant to Court Order 2 (Aug. 11, 2021), ECF No. 380.

No party commented in opposition to the Remand Redetermination.

Additionally, with respect to the remaining issue in this litigation, which is the rate to

be determined for the separate rate respondents, defendant has informed the court that

the International Trade Administration, U.S. Department of Commerce ("Commerce")

"has now complied with the instructions in the Court's order" and "revised the

separate rate calculated for separate rate respondents who are party to this litigation

and have injunctions in place," determining "the revised separate rate to be 0.00

percent, based on the zero percent rates calculated for Armstrong Wood Products

(Kunshan) Co., Ltd. and Nanjing Minglin Wooden Industry, Co., Ltd."  Def.'s Reply 2.

In the Remand Redetermination, Commerce informed the court that "[s]hould the CIT

affirm these final results of redetermination we intend to issue an amended final results

and instructions to CBP [U.S. Customs and Border Protection], accordingly."  Remand

Redetermination 7.

 Therefore, upon consideration of all papers and proceedings had herein, and

upon due deliberation, it is hereby

 **ORDERED** that the Remand Redetermination be, and hereby is, sustained; and it
is further

 **ORDERED** that, in accordance with the statements by Commerce, Remand
Redetermination 6-7, Commerce shall issue amended final results and liquidation
instructions to U.S. Customs and Border Protection that are in accordance with the
decisions reached in the Remand Redetermination.

      /s/ Timothy C. Stanceu

      Timothy C. Stanceu, Judge

Dated: February 7, 2022
 New York, New York